Booker T. JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 37768.

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Alfred J. Jackson, Jr., Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is murder; the punishment, twenty-five years.

Appellant and the deceased, although not legally married, lived together as husband and wife and operated a cafe in the city of Fort Worth.

The state's evidence shows that on the day of the homicide the deceased opened the cafe around 5 p. m. In a short time appellant came in the front door, sat down at a booth, and had a conversation with the deceased, who was standing behind a counter checking the cash register. In the conversation, appellant asked the deceased why she did not come home the night before and after she replied that she had worked all night he inquired as to the whereabouts of his gun. When told that it was where he had left it, appellant proceeded to reach under the booth and get a double-barrel shotgun. He then loaded the gun and, after laying it down, walked around behind the bar, picked up the deceased's purse, and returned to the booth. When the deceased referred to appellant's drinking and his staying out all night, appellant picked up the shotgun, walked around the corner of the bar, and fired a shot at the deceased, who was still standing behind the cash register. The deceased then ran for the front door and another shot was fired. After the shooting, the deceased was lying in the front doorway with two fatal shotgun wounds in her body, one being in the left side of her head and the other in the center of her back.

J. A. Strickland, an eyewitness to the shooting, called as a witness by the state, testified that when appellant fired the first shot, the deceased was standing behind the cash register and was making no movement

toward a pistol which he had seen lying on the counter near her. He further testified that before the shooting he did not hear the deceased threaten to kill the appellant.

Following his arrest, appellant, after being duly warned, made and signed a written statement in which he admitted firing the two shots which killed the deceased.

In the statement which was introduced in evidence by the state without objection, appellant stated in part, as follows:

"I Booker T. Johnson, went to Minnie's Bar, 11 53 Evans Ave—, at approximately 5:00 PM, 2–15–64, as I wanted to see if Minnie Johnson, my common-law wife, had come into the place of business as she had not come home, 604 Missouri, the night before, as she normally does. Upon seeing her at Minnie's Bar, I asked her why she did not come home the night before. She replied that she was off somewhere and did not answer where she had been. After asking her this question we had an argument, and I got my shotgun, cocked the hammer back and shot her. * * * I know she was hit but I do not know where I hit her with the shots. * * * I fired at her twice with the shotgun.

\* \* \* \* \* \*

"I also know that Minnie had a .38 caliber snub-nosed pistol which she usually keeps in her purse. * * * I knew her purse was under the counter and I kept her cut off from the area where her purse was. * * * She had no chance to get her purse."

Testifying in his own behalf, appellant repudiated certain incriminating portions of his written statement and swore that he was acting in self-defense when he shot and killed the deceased. Appellant testified that before he fired the fatal shots the deceased had said to him: " 'I'm going to shoot you,' " and that he shot the deceased after she had removed a pistol from her purse and had "started up with it."

The jury by their verdict rejected appellant's plea of self-defense, which was submitted to them in the court's charge.

The record contains no formal bills of exception or objections to the court's charge.

Appellant's sole contention on appeal is that the evidence is insufficient to sustain the judgment of conviction. This contention we overrule.

The judgment is affirmed.

Opinion approved by the court.